Mr. David P. Kirwan Monroe County Code Enforcement Board Post Office Box 500067 Marathon, Florida 33050
Dear Mr. Kirwan:
On behalf of the Monroe County Code Enforcement Board, you ask the following questions:
1. Is a code enforcement board authorized to impose costs against a violator who is found to have committed a code violation but who corrects the violation within the time given by the board?
2. How are the costs to be determined?
3. Can a lien be imposed by the board for the amount of the costs in the event that the costs are not paid by the date established by the board?
In sum:
1. A code enforcement board is authorized to impose costs against a violator who is found to have committed a code violation even though he corrects the violation within the time given by the code enforcement board.
2. Section 162.07(2), Florida Statutes, authorizes the imposition of those costs that are determined from the evidence presented to have been incurred by the local governing body in prosecuting the case before the board.
3. A lien may not be imposed by the code enforcement board for failure to pay prosecution costs.
Question One
Chapter 162, Florida Statutes, the "Local Government Code Enforcement Boards Act,"[1] provides "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[2] To accomplish this purpose, the act authorizes the creation of quasi-judicial administrative boards with the authority to impose administrative fines and other noncriminal penalties.
The act grants the governing body of a county or municipality the option of creating one or more code enforcement boards possessing the powers prescribed by the act. If, however, a county or municipality elects to utilize the enforcement mechanism and procedures provided in Chapter 162, Florida Statutes, it must accept the prescribed procedures set forth in the act; it has no delegated authority from the Legislature to alter or regulate the statutorily prescribed enforcement procedures in any way.[3] Thus, this office stated in Attorney General Opinion 84-55 that local governing bodies may not require or empower code enforcement boards created pursuant to Part I of Chapter 162 to impose additional administrative charges or fees.
Under the act, it is the duty of the code inspector to initiate enforcement proceedings of the various codes.[4] If a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation.[5] If the violation is not corrected within the time set by the code inspector, the matter may be brought before the code enforcement board for a hearing.
Section 162.07, Florida Statutes, provides for the conduct of the hearing by the code enforcement board. As amended by the 1994 Legislature, section 162.07(2) provides:
Each case before an enforcement board shall be presented by the local governing body attorney or by a member of the administrative staff of the local governing body. If the local governing body prevails in prosecuting a case before the enforcement board, it shall be entitled to recover all costs incurred in prosecuting the case before the board.[6] (e.s.)
At the conclusion of the hearing, the board issues findings of fact and conclusions of law and an order "affording the proper relief consistent with the powers granted herein."[7] Such an order may include a notice that it must be complied with by a specific date or a fine will be imposed.
If the order is not complied with or a repeat violation is committed, the board may issue an order imposing a fine that constitutes a lien on the land on which the violation exists and upon any other real or personal property owned by the violator.[8]
If a finding of a violation or a repeat violation has been made as provided in Part I of Chapter 162, a hearing is not necessary for issuance of the order imposing the fine.
Section 162.07(2), Florida Statutes, as amended, clearly provides that if the governing body prevails in a case before the code enforcement board, it shall be entitled to recover all costs incurred in prosecuting the case before the board. The statute fails to distinguish between a person who has been found to have violated the code and corrects the violation within the time period afforded by the board and a person who fails to timely comply with the board's order to correct the violation. Nothing in the statute limits its application to only those persons who, having been found to have violated the code, also fail to correct the violation. Instead, under the plain language of the statute, if the board finds that the person has violated the code, the local governing body is entitled to recover all costs in prosecuting the case even if the violation is later corrected.
Accordingly, I am of the opinion that a code enforcement board is authorized to impose costs against a violator who is found to have committed a code violation even though the violator corrects the violation within the time given by the code enforcement board.
Question Two
As discussed in the previous question, a county or municipality electing to utilize the enforcement mechanism and procedures provided in Chapter 162, Florida Statutes, must accept the prescribed procedures set forth in the act; it has no delegated authority from the Legislature to alter or regulate the statutorily prescribed enforcement procedures in any way.
Section 162.07(2), Florida Statutes, in providing that the local governing body prevailing in the prosecution of a case before the code enforcement board is entitled to recover its costs incurred in prosecution, authorizes the recovery of the actual costs of the local governing body in prosecuting that case. Such costs may well vary from case to case. The adoption of a schedule of costs, whether by the code enforcement board or the local governing body, would appear to be an arbitrary setting of fees that would not accurately reflect the actual costs incurred in the prosecution of a specific case.
Accordingly, I am of the opinion that section 162.07(2), Florida Statutes, authorizes the imposition of those costs that are determined from the evidence presented to have been incurred by the local governing body in prosecuting the specific case before the board.
Question Three
Section 162.09, Florida Statutes, provides for the imposition of an administrative fine by a code enforcement board, upon notification by the code inspector that an order of the board has not been complied with by a set time or upon finding that a repeat violation has occurred. Such fine shall not exceed $250 per day for the first violation and $500 per day for a repeat violation "and, in addition, may include all costs of repairs pursuant to subsection (1)."[9] Subsection (3) of the statute provides in part that "[a] certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator." (e.s.)
Section 162.09, Florida Statutes, thus authorizes the imposition of a lien for the unpaid administrative fine. Moreover, it expressly permits such fine to include "all costs of repair pursuant to subsection (1)." It does not, however, refer to or otherwise authorize such a lien to include prosecution costs.
In the absence of such authorization and inasmuch as section162.09, Florida Statutes, was recently amended to include within such fine the costs of repair but not prosecution costs, I am of the opinion that a lien may not be imposed by the code enforcement board for failure to pay prosecution costs.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 162.01, Fla. Stat. (1993).
[2] Section 162.02, Fla. Stat. (1993).
[3] See, e.g., Ops. Att'y Gen. Fla. 93-2 (1993), 91-29 (1991) and 89-83 (1989).
[4] Section 162.06(1), Fla. Stat. (1993).
[5] Section 162.06(2), Fla. Stat. (1994 Supp.). Exceptions exist when it is a repeat violation, see, s. 162.06(3), Fla. Stat. (1994 Supp.), or if the violation, or condition causing the violation, presents a serious threat to the public health, safety, and welfare or is irreparable or irreversible in nature, see, s.162.06(4), Fla. Stat. (1994 Supp.).
[6] Section 3, Ch. 94-291, Laws of Florida.
[7] Section 162.07(4), Fla. Stat. (1994 Supp.).
[8] Section 162.09(1), Fla. Stat. (1994 Supp.).
[9] Section 162.09(2)(a), Fla. Stat. (1994 Supp.). And see, s.162.09(1), Fla. Stat. (1994 Supp.), stating that if the violation presents a serious threat to the public health, safety, and welfare or is irreparable or irreversible in nature, the board shall notify the local governing body which may make all reasonable repairs that are required to bring the property in compliance and charge the violator with the reasonable cost of the repairs along with the fine imposed pursuant to this section.